```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DOM WADHWA, M.D.                  :    CIVIL ACTION
                                  :
     v.                           :
                                  :
ERIC K. SHINSEKI, SECRETARY,      :
DEPARTMENT OF VETERANS            :
AFFAIRS                           :    NO. 10-5094
```

MEMORANDUM

McLaughlin, J.                                              May 7, 2012

        The operative complaint in this case alleges that the defendant retaliated against the plaintiff for engaging in protected activity by not selecting him for a job opening in the Emergency Department at the Philadelphia VA Medical Center ("VA"). The government moves to dismiss and argues that the plaintiff has not set forth a causal connection between his protected activity and adverse action taken against him. The Court will grant the defendant's motion.

I. Procedural History

        On March 23, 2011, the plaintiff filed an amended complaint in response to the Court's order of February 18, 2011, directing the plaintiff to amend his allegations to refer only to claims he had exhausted properly with the Equal Employment Opportunity Commission ("EEOC"). The Court instructed the plaintiff that the only issues properly before the Court in the above-captioned case were those that the EEOC had fully addressed

in EEOC Case Number 2004-0642-2008100615 ("'615 Case").

The '615 Case raised two sets of claims arising under Title VII: one alleging harassment under a hostile work environment theory, and the other alleging reprisal by the defendant in retaliation for Dr. Wadhwa's prior activity with the EEOC. The Court dismissed the plaintiff's hostile work environment claims and directed the plaintiff to file an amended complaint setting forth his claim for relief on a theory that he was not selected for Job Vacancy No. 174-07 in reprisal for engaging in protected activity. Order of Sept. 15, 2011 (Docket No. 22).

In that order, the Court cautioned the plaintiff that he needed to show that he engaged in a protected activity, that his employer took adverse action against him contemporaneous with or after the protected activity, and that a causal connection existed between the adverse action and protected activity. Id. (citing Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007)).

Each of the plaintiff's subsequent attempts to file an amended complaint was met with a motion to strike that were granted by the Court. Docket Nos. 24-31. The operative complaint, filed on January 11, 2012 ("Am. Compl.," Docket No. 32), does make claims other than those related to the plaintiff's non-selection for Job Vacancy No. 174-07, but the Court already

-2-

dismissed those claims. The government's instant motion requests dismissal, or in the alternative, summary judgment, on the reprisal claims that appear in that pleading. The plaintiff filed an untimely response to that motion on April 20, 2012, but the Court considers its content in ruling on the instant motion.

II. <u>Reprisal Allegations</u>

The plaintiff alleges that he engaged in two sets of protected activities. First, he filed an EEO complaint in December 2004 alleging that he had involuntarily been assigned to work with "hostile belligerent patients of other primary care providers" at the Pennsylvania VA Medical Center ("VA"). Next, after a June 9, 2006 encounter with a confrontational and threatening patient, he raised concerns regarding security at the VA with the VA Office of Inspector General and a counselor with the EEOC. Am. Compl. 2.

The plaintiff also alleges that a series of adverse actions were taken against him. However, as noted above, the only reprisal claim that has been properly exhausted in this matter relates to his nonselection for the Emergency Department staff physician position listed under Job Vacancy Number 174-07. In connection with that event, the plaintiff alleges the following:

    1.    In May 2007, Dr. Wadhwa "filed an application for the Emergency Department Vacancy No. 174-07."

>   This vacancy was posted on May 18, 2007 "after Dr. Murphy and Dr. Grippi became aware of [his] complaint of discrimination from the EEO Investigator." Am. Compl. 3 & n.3.
> 
> 2.  Dr. Wadhwa was not interviewed for that position. On February 7, 2008, he received a letter from the Human Resources Office stating tha the was "referred for consideration . . . [but] not selected" for that position. <u>Id.</u> at 3-4.
> 
> 3.  Dr. Wadhwa was not "offered an explanation for [his] nonselection . . . . [t]hus there is a causal connection between his protected activity and . . . nonselection . . ." <u>Id.</u> at 4.

The Amended Complaint also describes a number of other incidents, including that the plaintiff was harassed by Dr. John Murphy, Dr. Michael Grippi, and Nurse Kathleen Craige; and that Dr. Gripppi told him in a conversation on January 25, 2007 that after he was reassigned to Compensation and Pension, "return[ing] to Primary Care [was] out of the question," and that there were no vacancies in the emergency department at that time.

In opposition to the instant motion the plaintiff states that "denial of an opportunity to work in the Emergency Department and posting of [the May 2007] vacancy announcement . . . was retaliatory harassment by the agency and reprisal against me for my previous and ongoing EEO activities by the management officials at the Philadelphia VA Medical Center." Pl.'s Opp. 1 (Docket No. 39).

III. <u>Analysis</u>

In evaluating a motion to dismiss under Rule 12(b)(6),

a court must accept all well-pleaded facts as true, and must construe the complaint in the light most favorable to the plaintiff, while disregarding any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The court must then determine whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief". Id. If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, then the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

A prima facie case for retaliation under Title VII requires a showing that the plaintiff (1) engaged in a protected activity; (2) suffered an adverse action taken by the employer after or contemporaneous with the protected activity; and (3) a causal connection between the protected activity and adverse action. Marra v. Phila. Housing Auth., 497 F.3d 286, 300 (3d Cir. 2007). Causation is shown through temporal proximity, or where it is lacking, through other evidence "gleaned from the record as a whole," by searching for "other evidence of retaliatory animus." Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000). An inference of a causal link can be made, for example, through "circumstantial evidence of a pattern of antagonism following the protected conduct." Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997).

The plaintiff has adequately pled the first two elements of a prima facie case. However, he has failed to plead facts that, if proven, would demonstrate that a causal link exists between his protected activity and nonselection for Job Vacancy No. 174-07. The plaintiff has not identified who was aware of his protected activity in 2004 and 2006, who was responsible for his non-selection for the position, and how his nonselection for the position was connected to his protected activity. The fact that the plaintiff was offered no explanation for why he was not selected for the position does not raise a plausible inference that such an action was taken in reprisal for his protected activity or even by an individual who was aware of his having engaged in protected activity. A failure to plead facts that raise that inference requires dismissal of his claim.

The plaintiff has filed eight pleadings in this matter (Docket Nos. 1, 8, 13, 16, 24, 27, 30, 32). He has presented the basis for his claim in two on-the-record hearings before the Court, both in opposition to earlier motions to dismiss. See, e.g., Tr. Hr'g Feb. 8, 2011 at 16-26 (Docket No. 11). The plaintiff has not alleged facts that give rise to a plausible inference that he was retaliated against because he engaged in protected activity. The Court concludes that permitting the plaintiff to amend his complaint to bring a claim for retaliation in connection with his nonselection for Job Vacancy No. 174-07

would be futile.  As a result, the complaint will be dismissed with prejudice.  See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

An appropriate order will issue separately.